IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. |
| | ) |
| Plaintiff, | ) JUDGE |
| | ) |
| v. | ) |
| | ) |
| $43,343.00 IN U.S. CURRENCY, | ) |
| | ) |
| Defendant. | ) |
| | ) **COMPLAINT IN FORFEITURE** |

NOW COMES plaintiff, the United States of America, by Rebecca C. Lutzko, United States Attorney for the Northern District of Ohio, and Henry F. DeBaggis, Assistant U.S. Attorney, and files this Complaint in Forfeiture, respectfully alleging, in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, as follows:

### JURISDICTION AND INTRODUCTION

1. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. Section 1345, and over an action for forfeiture under 28 U.S.C. Section 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. Section 881(a)(6).

2. This Court has *in rem* jurisdiction over the defendant currency: (i) pursuant to 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and, (ii) pursuant to 28 U.S.C. Section 1355(b)(1)(B), incorporating 28 U.S.C. Section 1395,

because the action accrued in this district. This Court will have control over the defendant currency through service of an arrest warrant *in rem*, which the Department of Homeland Security by Homeland Security Investigations (HSI) will execute upon the defendant currency. *See*, Supplemental Rules G(3)(b) and G(3)(c).

3. Venue is proper in this district: (i) pursuant to 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and, (ii) pursuant to 28 U.S.C. Section 1395 because the action accrued in this district.

4. On or about November 28, 2023, the defendant $43,343.00 in U.S. Currency was seized from the carry-on backpack and jacket pockets belonging to Raymond Gordon (GORDON) at Cleveland Hopkins Airport and the defendant currency is now in the custody of the federal government.

5. Subsequent to the seizure, U.S. Customs and Border Protection's (CBP) Fines, Penalties & Forfeiture Office (FP&F) commenced an administrative forfeiture proceeding against the defendant currency. A claim to the defendant currency was submitted by Raymond Gordan (GORDAN) in the administrative forfeiture proceeding, thereby requiring the filing of this judicial forfeiture action.

6. The defendant $43,343.00 in U.S. Currency is subject to forfeiture to the United States under 21 U.S.C. Section 881(a)(6) in that it constitutes proceeds from illegal drug trafficking activities, and/or was used - or was intended to be used - in exchange for illegal controlled substances, and/or was used - or was intended to be used - to facilitate illegal drug trafficking activities.

## FORFEITURE

7. On or about November 28, 2023, HSI Task Force Officers (TFO) were conducting airport interdiction at the Cleveland Hopkins International Airport (CLE) and a TFO canine handler and his trained/certified bulk U.S. currency/weapons canine, Jessy, were conducting free air sniffs of passenger's luggage in United Airlines C concourse near gates C24-C28.

8. While at the gate C26 area, TFO Gibbons observed passengers in the gate C26 area as they prepared to begin the boarding process for UA652 from CLE to Newark, NJ (EWR) operating out of gate C26.

9. TFO Gibbons' attention was drawn to a male, later identified as Raymond GORDON, wearing a black shirt, black jacket, black hat and black pants, carrying a black backpack, and after he observed GORDON check the flight information board at gate C26, CLE to EWR, GORDON walked away and sat in the sitting area for gate C28 where, at the time, there were no flights operating from the gate.

10. TFO Gibbons observed that GORDON had bulges in his two jacket pockets and that he was in possession of multiple cell phones.

11. When the boarding process was near the end for UA652 CLE to EWR at gate C26, GORDON walked from the sitting area for gate C28 to the boarding area of gate C26 and got in line to board the flight.

12. After he scanned his boarding pass and entered the jet bridge for flight UA652, TFO Gibbons approached GORDON on the jet bridge, identified himself as a law enforcement officer, and asked to speak with him.

13. After GORDON agreed to speak with TFO Gibbons, TFO Gibbons asked GORDON where he was traveling and GORDON said Los Angeles, CA (LAX) via United Airlines and that EWR was his connecting flight to LAX.

14. TFO Gibbons asked GORDON why he was traveling to Los Angeles and GORDON said that he was going to do business and that he sells dogs.

15. TFO Gibbons asked GORDON how long he was going to be in Los Angeles and GORDON said for a few days.

16. TFO Gibbons asked GORDON if he was in possession of a large amount of U.S. currency on his person or in his backpack and GORDON said he had around $9,200.00 in his backpack.

17. TFO Gibbons asked GORDON if he would show him the U.S. currency in his backpack and GORDON opened his backpack revealing a rubber-banded "quick count" bundle of U.S. currency located in a smaller shoulder bag inside the backpack.

18. TFO Gibbons asked GORDON if he had any other U.S. currency in his backpack and GORDON said that he did but that he did not want to empty all of the items out of his bag to retrieve it.

19. TFO Gibbons asked GORDON if he had any U.S. currency on his person and GORDON said he had a few thousand in his inside jacket pocket. TFO Gibbons asked GORDON to show him and GORDON removed bundles of U.S. currency from his inside jacket pocket.

20. TFO Gibbons then asked GORDON if he had any U.S. currency in his two side jacket pockets and GORDON said that he did have U.S. currency in both of his side jacket pockets.

21. TFO Gibbons asked GORDON if he would walk to the HIS office at the airport to speak to him further and GORDON agreed and walked with TFO Gibbins to the office.

22. Once in the HIS airport office, TFO Gibbons asked GORDON for permission to search his backpack and asked GORDON to remove the U.S. currency from his person.

23. GORDON consented to the search of his backpack and during the search TFO Gibbons found the U.S. currency previously shown to Gibbons and U.S. currency concealed throughout the backpack, including U.S. currency in between the pages of a book and inside of a wrapped gift. Notably, prior to the gift being opened, GORDON claimed there was no U.S. currency inside of the gift.

24. TFO Gibbons asked GORDON if he would remove the U.S. currency from his person that he previously showed Gibbons and GORDON removed U.S. currency from his two side pockets and from the inside pockets of his jacket. TFO Gibbons asked GORDON what was the total amount of U.S. currency he had in his possession and he said he probably had a little more than $20,000.00.

25. TFO Gibbons asked GORDON how long he was planning on being in California and GORDON said for three days. GORDON was asked why he was traveling to Los Angeles and GORDON said to pick up a canine. GORDON was asked where he was staying and GORDON said he had not yet booked a hotel room but could possibly stay with family.

26. TFO Gibbons asked GORDON if he had any correspondence or photos of canines with the person he was looking to purchase the canine from and GORDON was unable to do so.

27. GORDON consented to TFO Gibbons searching his cell phones and the search revealed photos of large amounts of illegal narcotics and large amounts of U.S. currency. TFO Gibbons then seized GORDON's Apple iPhone and Mobile Cloud Android cell phones.

28. The above U.S. currency was seized from GORDON and, subsequently, a canine sniff for the odor of illegal narcotics on the U.S. currency was conducted by a canine certified to alert to marijuana, heroin, cocaine, and methamphetamine and the canine alerted to the presence of illegal narcotics odor on the U.S. currency.

29. A total of $43,343.00 in U.S. currency was seized from GORDON's backpack and jacket pockets.

30. A criminal history search of GORDON determined that on August 25, 2020, Raymond GORDON pleaded guilty to possession of fentanyl and possession of cocaine in case number 2020 CR 30 in the Mahoning County Court of Common Pleas and he was sentenced to a two (2) year term of community control.

## CONCLUSION

By reason of the foregoing, the defendant $43,343.00 in U.S. Currency is subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6) in that it constitutes proceeds from illegal drug trafficking activities, and/or was used - or was intended to be used - in exchange for illegal controlled substances, and/or was used - or was intended to be used - to facilitate illegal drug trafficking activities.

WHEREFORE, plaintiff, the United States of America, requests that this Court enter judgment condemning the defendant currency and forfeiting it to the United States, and providing that the defendant currency be delivered into the custody of the United States for disposition according to law, and for such other relief as this Court may deem proper.

        Respectfully submitted,

        REBECCA C. LUTZKO
        United States Attorney
        Northern District of Ohio

By: /s/ Henry F. DeBaggis
        Henry F. DeBaggis (OH: 0007561)
        Assistant United States Attorney
        Carl B. Stokes U.S. Court House
        801 West Superior Avenue, Suite 400
        Cleveland, Ohio 44113
        216.622.3749 / Fax: 216.522.7499
        Henry.DeBaggis@usdoj.gov

## VERIFICATION

STATE OF OHIO        )
                     ) SS.
COUNTY OF CUYAHOGA   )

I, Henry F. DeBaggis, under penalty of perjury, depose and say that I am an Assistant United States Attorney for the Northern District of Ohio, and the attorney for the plaintiff in the within entitled action. The foregoing Complaint in Forfeiture is based upon information officially provided to me and, to my knowledge and belief, is true and correct.

_____
Henry F. DeBaggis (OH: 0007561)
Assistant United States Attorney

Sworn to and subscribed in my presence this 6th day of May, 2024.

_____
Notary Public

DANIEL R. RANKE, Attorney At Law
Notary Public - State of Ohio
My commission has no expiration date.
Section 147.03 O. R. C.

8